Compañía Azucarera "El Ejemplo," Recurrente, v. El Registrador de Humacao, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Humacao denegando la inscripción de un contrato de refacción agrícola y molienda de cañas.

No. 252.—Resuelto en diciembre 7, 1915.

Refacción Agrícola y Molienda de Cañas—Inscripción en el Registro—Autorización Judicial—Arrendamiento.—De conformidad con el párrafo 5°. de la enmienda al artículo 282 del Código Civil, aprobada el 9 de marzo de 1911, el tutor necesita autorización judicial para la celebración del contrato de refacción agrícola y molienda de cañas que autoriza la Ley de 10 de marzo de 1910, cuando éste ha de ser inscrito en el registro de la propiedad, aunque su término sea menor de seis años. Igual limitación existe con respecto al contrato de arrendamiento.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Francisco González Fagundo.*

El registrador recurrido, Sr. Raúl Benedicto, compareció en nombre propio.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El 1°. de diciembre de 1914 comparecieron ante notario público, de una parte, Leonor López Cuadra y su esposo, Josefa López Cuadra y su esposo y la menor Palmira López Guzmán, representada por su tutora la dicha Josefa López Cuadra, y de otra, Antonio Roig Torrellas, Presidente de la Compañía Azucarera "El Ejemplo," y otorgaron un contrato de refacción agrícola y molienda de cañas por término de tres años. Dicho contrato de acuerdo con la ley y por la voluntad de las partes expresadas en la cláusula 9ª. de la misma escritura, debía anotarse en el registro de la propiedad.

Presentada en efecto la escritura en el registro, el registrador se negó a anotarla en cuanto hacía referencia a la menor Palmira López Guzmán, por medio de la siguiente nota, contra la cual se interpuso por la compañía azucarera "El Ejemplo," el presente recurso gubernativo.

La nota dice así:

"Anotado este contrato pero solamente en cuanto se refiere a la parte de las Señoras Leonor y Josefa López Cuadra, en el tomo 2°. de Humacao del registro de contratos agrícolas, al folio 14, finca No. 45, anotación letra A, y denegada la anotación en cuanto a la parte de la menor Palmira López Guzmán porque su tutora carece de la autorización correspondiente de conformidad con el párrafo 5°. de la enmienda al artículo 282 del Código Civil aprobada por la Asamblea Legislativa de Puerto Rico el 9 de marzo de 1911, habiéndose tomado en su lugar la oportuna anotación por 120 días que dispone la ley; y haciendo constar además los defectos subsanables de no acreditarse el carácter de tutora que ostenta Doña Josefa López Cuadra y el de Don Antonio Roig como Presidente de la Compañía Azucarera 'El Ejemplo.' Humacao, septiembre 10 de 1915. El Registrador, Raúl Benedicto.''

Y la ley invocada por el registrador es como sigue:

"Art. 282.—El tutor necesita autorización de la corte de distrito competente:

*     *     *     *     *     *     *

"5. Para enajenar o gravar bienes inmuebles que constituyan el capital de los menores o incapaces, o hacer contratos o actos sujetos a inscripción, así como para enajenar bienes muebles cuyo valor pase de doscientos dollars, y para otorgar contratos de arrendamiento de bienes inmuebles por un término mayor de seis años, sin que en ningún caso el arrendamiento pueda efectuarse, ni la autorización concederse por un período de tiempo que exceda al que falte al menos para cumplir su mayoridad.

"Las limitaciones contenidas en el apartado anterior, sobre arrendamiento de bienes inmuebles, serán aplicables a los contratos de refacción agrícola y molienda de cañas, autorizados por la ley aprobada en marzo 10 de 1910.

"La prohibición de enajenar bienes muebles, por valor excedente de doscientos dollars sin autorización judicial, no comprende la enajenación de los frutos de una finca rústica, en su última cosecha.''

*     *     *     *     *     *     *

Estamos conformes con el recurrente en que de acuerdo con lo dispuesto en el precepto legal que hemos transcrito, el tutor no necesita autorización judicial para celebrar un contrato de refacción agrícola y molienda de cañas por menos

de seis años, mas no lo estamos en que un contrato así otorgado puede inscribirse en el registro sin haberse obtenido la autorización judicial que la ley exige para todos los actos o contratos sujetos a inscripción.

El argumento de que los contratos de refacción agrícola y molienda de caña se inscriben en un registro especial, no tiene gran fuerza si se considera que si bien esto es así, dicho registro especial está a cargo del registrador de la propiedad correspondiente y la inscripción que se verifica produce los efectos que más adelante indicaremos entre las mismas partes y contra terceros.

Por la sección 7 de la ley número 37 de 1910, se instituyó un "registro de contratos agrícolas" en el que "serán anotados, a instancia de cualquiera de las partes, los contratos a que se refiere esta ley, por medio de asientos breves, que permitan identificar la finca y conocer el contrato, numerándose la finca separadamente, en forma análoga a la dispuesta por la Ley Hipotecaria para el registro de la propiedad, simplificándola en cuanto fuere compatible con el objeto de la anotación." Y según la sección 8 de la misma, tal como fué modificada por la ley No. 59 de 1911, "Las anotaciones y notas marginales practicadas en el registro de contratos agrícolas, perjudicarán y obligarán a tercero, desde la fecha de presentación de los documentos correspondientes, y si después del registro de tal contrato, las cañas que han de molerse o el dominio, posesión o administración del terreno sobre el cual dichas cañas están sembradas o han de sembrarse, o cualquier interés en dicho terreno, o el dominio, posesión o administración de las factorías o centrales en que dichas cañas han de molerse, o cualquier interés en ellas, fuere traspasado por acto voluntario o por obra de la ley o de otra manera, el cesionario o cesionarios estarán obligados a cumplir todas las obligaciones de tal contrato y serán responsables de la falta de cumplimiento al mismo, tan completamente y en la misma forma y en el mismo grado como la parte interesada en dicho contrato que hizo tal traspaso o que tenía el interés

transferido; pero ningún traspaso de esta clase relevará a cualquiera parte de la obligación o responsabilidad en dicho contrato.''

A nuestro juicio ambas limitaciones, esto es, la general relativa a todos los actos o contratos sujetos a inscripción, y la especial que hace referencia al contrato de refacción agrícola y molienda de cañas por más de seis años, pueden armonizarse en el sentido de no ser necesaria la autorización cuando el contrato de refacción agrícola y molienda de cañas se celebra por un término menor de seis años y no se inscribe en el registro, y serlo cuando el contrato se lleva a efecto por un término mayor de seis años o por un término menor y se inscribe en el registro.

Como hemos visto, el legislador al referirse al contrato especial de refacción agrícola y molienda de cañas, lo hizo acordando para el mismo las limitaciones impuestas con respecto al de arrendamiento. Según el Código Civil antiguo, el tutor debía ser autorizado judicialmente para la celebración de actos o contratos sujetos a inscripción, y también para arrendar las fincas de su pupilo por más de seis años. Nada disponía la ley expresamente con respecto al caso de un arrendamiento por menos de seis años que se acordara inscribir en el registro de la propiedad.

Son muy interesantes los comentarios de Manresa con respecto a este particular. El sabio comentarista español estudia primero el caso en cuanto al poder del marido relativamente a los bienes de su mujer, luego en cuanto al poder del padre con respecto a los de su hijo no emancipado y por último en cuanto al del tutor con referencia a los de su pupilo, y concluye en todos que no obstante el silencio de la ley, es necesaria la autorización judicial siempre que se trate de inscribir el contrato en el registro, porque el arrendamiento, una vez inscrito, constituye un verdadero gravamen sobre los bienes arrendados. Véanse 10 Manresa, Código Civil, 463 y siguientes.

En igual sentido que Manresa se produjo la Dirección General de los Registros de España, en su resolución de 20 de agosto de 1893. Dicho centro basándose en que la ley prohibía al padre gravar los bienes de sus hijos menores de edad y en que el arrendamiento inscrito, cualquiera que fuere el término de su duración, constituía un verdadero gravamen, llegó a la conclusión de que era necesaria la autorización judicial para todos los arrendamientos de bienes de menores que se inscribieran en el registro de la propiedad. Véase también 1 Galindo, Legislación Hipotecaria, 442.

Aunque los efectos que produce la inscripción del contrato de refacción agrícola y molienda de cañas en el registro no pueda concluirse que sean los mismos que causa la inscripción del contrato de arrendamiento, no es posible dejar de reconocer que grava los frutos de la finca y sabido es que son bienes inmuebles, entre otros, los árboles y plantas y los frutos pendientes, mientras estuvieren unidos a la tierra o formaren parte íntegramente de un inmueble. Art. 335, No. 2, del Código Civil. Además, dicha inscripción produce los otros efectos fijados en la sección 9 de la ley No. 37 de 1910, tal como quedó enmendada en 1911, que hemos transcrito. De ahí que opinemos que las mismas razones que la dirección general de los registros y el comentarista Manresa expusieran para concluir que era necesaria la autorización judicial en todos los casos en que se pactara la inscripción del arrendamiento en el registro de la propiedad, aunque el término no excediera de seis años, son aplicables al caso de los contratos de refacción agrícola y molienda de cañas.

Por virtud de lo expuesto, procede la confirmación de la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.