PANTALEONA SUÁREZ, recurrente, *v.* EL REGISTRADOR DE GUAYAMA, recurrido.

No. 629.—*Sometido:* Marzo 11, 1926. *Resuelto:* Mayo 27, 1926.

1. CONTRATOS DE REFACCIÓN AGRÍCOLA—INTERPRETACIÓN Y "OPERATION".—PARTES.—Aunque en la comparecencia de una escritura se hizo constar que una madre comparecía por sí y por sus hijos menores de edad, el conjunto de la escritura demuestra que no compareció por sus hijos pues no gravó bienes de ellos, sino los suyos, por lo que no es de aplicación el caso de *Compañía Azucarera "El Ejemplo" v. Registrador,* 23: 283.

2. PADRE E HIJOS—PROPIEDAD, USUFRUCTO Y ADMINISTRACIÓN DE LOS BIENES DE LOS HIJOS—BIENES ADQUIRIDOS POR TÍTULO LUCRATIVO, TRABAJO O INDUSTRIA DEL HIJO MENOR—USUFRUCTO LEGAL DE LOS PADRES—GRAVAMEN—AUTORIZACIÓN JUDICIAL.—Un padre, o la madre en su caso, con patria potestad sobre sus hijos no emancipados bajo su potestad y compañía, no puede gravar el usufructo legal que les concede el artículo 225 del Código Civil sin previa autorización judicial de conveniencia para los menores.

NOTA de *Pérez Mercado,* R. (Guayama), denegando inscripción de un contrato agrícola. *Confirmada.*

*Miguel Marcos Morales,* abogado de la recurrente; el registrador compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Doña Pantaleona Suárez celebró el 10 de octubre de 1925 un contrato de refacción agrícola con don Francisco Echevarría y consintió en que fuera anotado en el registro de contratos agrícolas para garantía de los $600 que recibió de él para el cultivo de una siembra de tabaco y cuya cantidad le devolverá con sus intereses el 31 de mayo de 1926, exponiendo en la escritura que comparece en ella por sí y por cuatro hijos menores de edad que están bajo su patria potestad: que es dueña de la mitad de la finca que describe y es objeto del contrato por gananciales de su matrimonio; que posee una cuarta parte como arrendataria de cuatro hijos mayores de edad: que como madre con patria potestad sobre cuatro hijos menores posee y usufructúa la otra cuarta parte, por lo que tiene la posesión legal de toda la finca: y que la plantación de tabaco es de su exclusiva propiedad por lo que la gravó al cumplimiento de su obligación, haciendo constar que el término de la refacción no excede de lo que falta a sus hijos menores para llegar a su mayoridad.

El Registrador de la Propiedad de Guayama se negó a anotar ese contrato en el libro de contratos agrícolas fundado en que perteneciendo parte de la finca a menores de edad la madre no podía constituir ese gravamen sin haber obtenido autorización judicial; y en el recurso gubernativo que contra esa negativa ha establecido doña Pantaleona Suárez alega que el registrador cometió error de hecho al estimar que el contrato de refacción agrícola fué constituído por ella a nombre de sus hijos menores de edad; y error de derecho al exigir como necesaria la autorización judicial para celebrar ese contrato.

[1, 2] Si bien el hecho de haber manifestado la recurrente en la escritura que comparecía por sí y por sus hijos menores de edad llevó al registrador a la conclusión de que celebraba el contrato en nombre de dichos hijos y que gravaba sus bienes, sin embargo, el conjunto de toda la escritura demuestra que a pesar de tal manifestación ella no ha impuesto el gravamen refaccionario agrícola sobre la propiedad que sus hijos menores tienen en la finca sino sobre el usufructo legal que ella tiene en dicha propiedad, por lo que no es de aplicación el caso de *Compañía Azucarera El Ejemplo* v. *El Registrador,* 23 D.P.R. 283, pues en éste la tutora gravaba la propiedad de los menores, y la cuestión a resolver es si el padre, o la madre en su caso, con patria potestad sobre sus hijos no emancipados que están en su potestad y compañía puede gravar el usufructo legal que sobre los bienes que ellos adquieran por título lucrativo o por su industria o trabajo le concede el artículo 225 del Código Civil, sin necesidad de autorización judicial.

El usufructo a que se refiere el artículo anterior es concedido a los padres por la ley en consideración al cuidado de sus hijos no emancipados y a sus relaciones familiares, lo que se demuestra por el hecho de disponer el misma artículo que dejará de existir cuando el hijo, con consentimiento de sus padres, viviere independientemente de ellos y que será reputado como emancipado y tendrá el dominio, el usufructo y la administración de sus bienes. Como dice el Sr. Manresa en sus comentarios al Código Civil español, segunda edición, tomo 10, página 474, ''el padre respecto a los bienes de sus hijos, como el marido respecto a los de su mujer, no son realmente usufructuarios en nombre propio sino en nombre de sus hijos o de la familia que represente.'' Por esto las sentencias del Tribunal Supremo de España de 7 de julio de 1892 y 27 de septiembre de 1893 inspiradas en la naturaleza jurídica del derecho usufructuario que acompaña a la patria potestad relacionándola con el deber que quien la ejerce tiene de alimentar y edu-

car al menor, reconocieron el mejor derecho del hijo frente al de los acreedores del padre para percibir alimentos de ese usufructo; sentencias y principios que fueron citados y aplicados en la resolución de la Dirección General de los Registros de España de 12 de diciembre de 1902, Jurisprudencia Civil, tomo 94, página 686, para declarar que aun cuando el artículo 480 del Código Civil (el mismo de nuestro Código) permite a los usufructuarios enajenar sus derechos de ·usufructo, sin distinguir entre el voluntario y el legal ni exceptuar expresamente el usufructo inherente a la patria potestad, si se autorizara la libre enajenación de los derechos usufructuarios, aún con la natural condición de que pudieran rescindirse los contratos cuando el menor no obtuviera del padre los medios necesarios para su alimentación y educación, resultaría odioso el precepto que esa enajenación autorizara, cabiendo mucho menos autorizarla mediante una interpretación violenta del Código, por cuyas razones y por otras declaró que no era inscribible la hipoteca constituída por el padre sobre su usufructo legal en los bienes de sus hijos. Y al citar esa resolución el Sr. Manresa en la tercera edición de su obra, tomo .2, pág. 37, está conforme con ella por el fundamento que hemos mencionado aunque no con otros que hemos omitido.

Si como queda demostrado la ley concede a los padres el usufructo de los bienes que los hijos menores adquieran por título lucrativo o por su trabajo o industria en consideración· a la alimentación y educación de dichos menores y si por esto no es aplicable el precepto sobre libre enajenación reconocido para el usufructo en general porque impediría al hijo su derecho a ser alimentado por su padre o madre con la parte necesaria del usufructo legal, tenemos que llegar a la conclusión· de que tampoco puede gravarla en forma alguna a menos que exista autorización judicial de conveniencia para el menor.

Por los motivos expuestos la resolución recurrida debe ser confirmada.