RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; SUCESIÓN DE FRANCISCO MARCOS PURÓN, interventora.

Núm. 133. *Sometido:* Mayo 1, 1947. *Resuelto:* Junio 11, 1947.

*Hon. Procurador General Luis Negrón Fernández* y *Elmer Toro Lucchetti, Procurador General Auxiliar,* abogados del peticionario; *R. Díaz Collazo,* abogado de la interventora, querellante en el pleito principal.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

Entre varias deficiencias notificadas por el Tesorero de Puerto Rico a la Sucesión de Francisco Marcos Purón, en la contribución sobre ingresos por los años 1936, 1940 y 1941, se hallaban las partidas que por concepto de depreciación de sus casas había reclamado la contribuyente como deducción por cada uno de dichos años. El Tesorero rechazó dichas partidas por el fundamento de que las mismas no aparecían anotadas (*charged-off*) en los libros de la Sucesión. Llevado el caso ante el Tribunal de Contribuciones, dictó éste su resolución concediendo a la contribuyente el derecho a reclamar por la depreciación de sus casas por los años 1936 y 1940. El Tesorero instó el presente recurso, alegando que el Tribunal de Contribuciones erró: (a) al resolver que la contribuyente podía deducir la depreciación ocurrida en sus casas, sin haberla anotado en sus libros; y (b) al resolver que la sección 16(a)(8) de la Ley de Contribuciones Sobre Ingresos, enmendada por la Ley núm. 31 de 1941 ((1) pág. 479), no tenía efecto retroactivo al año 1940, no obstante la disposición expresa de la ley enmendatoria en el sentido de que la enmienda tendría efecto retroactivo al 1ro. de enero de 1940, en contra de lo resuelto en *Ballester* v. *Tribunal de Apelación*, 61 D.P.R. 474, 505.

La primera cuestión levantada por el Tesorero recurrente, o sea si un contribuyente tiene derecho a la deducción que por depreciación de su propiedad le concede la sección 16(a)(8) de la Ley de Contribuciones Sobre Ingresos, tal y como rigió hasta que fué enmendada por la Ley núm. 31 de 12 de abril de 1941, no obstante no haber cargado dicha partida en sus libros, fué resuelta por esta Corte Suprema en contra de la contención del Tesorero en *Loíza Sugar Company* v. *Domenech, Tesorero*, 44 D.P.R. 556 (1933) y recientemente en *Collazo de Calaf* v. *Tesorero*, ante, pág. 66.

En el caso de autos el Tesorero admitió que las propiedades de la contribuyente habían sufrido depreciación durante los años 1936 y 1940 y que las cantidades reclamadas por tal concepto eran razonables. De conformidad con las decisiones que hemos citado, no erró el Tribunal de Contribuciones al resolver que la contribuyente tenía derecho a la deducción solicitada por el año 1936.

La sección 16(a)(8) de la Ley de Contribuciones Sobre Ingresos, antes de ser enmendada por la Ley núm. 31 de 1941, no exigía como requisito para poder reclamar la deducción por el agotamiento, desgaste y deterioro de la propiedad, la anotación del importe de la depreciación en los libros de contabilidad del contribuyente. Ese requisito fué establecido por el Reglamento promulgado por el Tesorero.

La Ley núm. 31 de 1941 enmienda la sección 16(a)(8) de la Ley (¹) al efecto de exigir, como requisito previo para que el Tesorero pueda conceder la deducción, que el importe de la depreciación sea consignado en los libros de contabilidad de la contribuyente. Sin el cumplimiento previo de ese requisito el Tesorero carece de autoridad para conceder deducciones por depreciación.

La Ley núm. 31, aprobada el 12 de abril de 1941, dispone(²) que la misma tendrá efecto retroactivo al 1ro. de

(¹)"Sección 16.—(a) Al computar el ingreso neto se admitirán como deducciones:

" *

"(8) Una concesión razonable por el agotamiento, desgaste o deterioro de propiedad usada en la industria o negocio incluyendo una concesión razonable por propiedad obsoleta.' *Disponiéndose*, que no se concederá deducción alguna en virtud de agotamiento, desgaste, deterioro o depreciación de tal propiedad a menos que el agotamiento, desgaste, deterioro o depreciación, conste o se consigne en los libros del contribuyente como sufrida, en aquellos casos en que el contribuyente lleve libros, durante el año contributivo. *Disponiéndose*, que lo anterior no implica que el Tesorero quede obligado a aceptar las partidas consignadas en los libros de los contribuyentes en tal concepto; . . ."

(²)"Sección 29.—Por la presente se declara que existe una necesidad y emergencia para la retroactividad de la presente Ley, y empezará a regir a los noventa (90) días después de su aprobación la que tendrá efecto a contar del día 1 de enero de 1940."

enero de 1940. ¿Erró el Tribunal de Contribuciones al negarse a aplicar, retroactivamente, las disposiciones de la sección 16($a$)(8) en su forma enmendada, a la depreciación reclamada por el año 1940? He aquí los fundamentos de la resolución recurrida:

"Nótese que la mencionada Ley 31, supra, no fué aprobada hasta el 12 de abril de 1941. Para dicha fecha ya las planillas correspondientes al año civil 1940 habían sido radicadas y la contribución pagada. Las transacciones para ese año estaban ya consumadas y los libros, si algunos llevaba la apelante, habían sido cerrados. La citada Ley 31, supra, dice que la misma tendría efecto retroactivo a partir del 1ro. de enero de 1940. Pero la contribuyente actuó, durante todo dicho año de 1940, presumiblemente, al amparo de la ley tal y como rigió hasta la terminación de dicho período contributivo y hasta que rindió su planilla y efectuó el pago del impuesto. No pudo haber sido la intención del legislador que dicha enmienda tuviese efecto retrospectivo para cubrir una situación de hecho y de derecho como la que hemos descrito. En vista de ello, creemos que el Tesorero erró al no permitir la deducción que la recurrente reclamara en concepto de depreciación de las casas que producen rentas para el año civil de 1940 en la suma de $4,884.50. Véase caso *Loíza Sugar* v. *Domenech, Tesorero,* supra."

La resolución recurrida es correcta y debe ser confirmada. Es cierto que en *Ballester* v. *Tribunal de Contribuciones,* 61 D.P.R. 474, 500, en que estaba envuelta la cuestión sobre el efecto retroactivo de la citada Ley número 31 de 1941, sostuvimos la validez de la ley en cuanto imponía retroactivamente una contribución sobre todos los ingresos del año 1940, a pesar de que la contribución sobre dichos ingresos había sido pagada con anterioridad a la fecha de la aprobación de dicha ley; y, además, que la legislatura tiene poder para limitar o negar deducciones del ingreso bruto para computar el ingreso neto sobre el cual quiere imponer la contribución. Véanse: *Helvering* v. *Ind. Life Ins. Co.,* 292 U.S. 371–81; *Welch* v. *Henry,* 305 U.S. 134; y *Wisconsin* v. *J. C. Penney Co.,* 311 U.S. 435–42. Empero, en el presente caso no se trata del aumento, con efecto retroactivo, del tipo contributivo,

 437

ni de limitar o negar retroactivamente deducciones autorizadas por la ley anterior a la ley enmendatoria. La Ley de 1941 reconoce el derecho del contribuyente a solicitar una concesión razonable por la depreciación de la propiedad usada en el negocio o industria, e impone como única condición que el contribuyente que lleve libros deberá hacer constar en ellos el importe de la depreciación sufrida durante el año contributivo. Convenimos con el Tribunal de Contribuciones en que la intención de la Legislatura no pudo haber sido dar a la ley de 1941 efecto retrospectivo para hacerla aplicable a una situación como la del caso de autos. Véase también *Central Aguirre v. Tribunal de Contribuciones*, 64 D.P.R. 268.

*La decisión recurrida será confirmada.*