PURA BLANCO VDA. DE SERRA ET AL., peticionarios, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; TESORERO DE PUERTO RICO, interventor.

Núm. 255.—*Sometido:* Junio 1, 1951. *Resuelto:* Noviembre 29, 1951.

856

*Córdova & González* y *Hernán R. Franco,* abogados de los peticionarios; *Hon. Procurador General Víctor Gutiérrez Franqui (Federico Tilén, Procurador General Interino,* en el alegato) y *Arnaldo P. Cabrera, Procurador General Auxiliar,* abogados del interventor, querellado en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR TODD, JR., emitió la opinión del tribunal.

El Tribunal de Contribuciones de Puerto Rico declaró sin lugar la querella presentada por Pura Blanco Vda. de Serra contra la resolución del Tesorero de Puerto Rico denegando su solicitud de reintegro de parte de la contribución sobre ingresos pagada por la peticionaria correspondiente al año 1946 y para revisar dicha actuación expedimos el auto de *certiorari* en el presente caso.

No existe controversia en cuanto a los hechos, los cuales fueron estipulados por las partes ante el tribunal inferior en esta forma:

"1. Don Juan P. Serra era esposo de la querellante y padre de Ana Cecilia y María Cecilia Serra Blanco, quienes nacieron en octubre 11 de 1926 y junio 20 de 1928, respectivamente.

"2. Don Juan P. Serra falleció en San Juan, Puerto Rico, el día 6 de mayo de 1945.

"3. Por Resolución dictada en 22 de junio de 1945, del Hon. Juez Ricardo La Costa, Jr., Juez de la Corte de Distrito del Distrito Judicial de San Juan, Puerto Rico, en el caso Civil núm. R–5654, la mencionada Corte designó y declaró únicos y universales herederos del referido Juan P. Serra a sus hijas menores de edad, Ana Cecilia y María Cecilia Serra y Blanco, y a su viuda doña Pura Blanco, en la cuota usufructuaria viudal fijada por la ley.

"4. Después de radicada la correspondiente notificación de defunción el querellado Tesorero de Puerto Rico, con fecha enero 23 de 1946, liquidó la contribución de herencia a pagarse por los herederos de don Juan P. Serra, imponiendo una contribución de herencia a cada una de sus dos hijas menores de edad, de $12,022.54, o sea una contribución de herencia a las dos hijas de $24,045.08, habiendo sido todos los bienes del difunto y su esposa valorados en la suma de $412,729.55.

"5. Los Exhibits A–G, son un inventario de los bienes valorados con el valor dado a los mismos para la imposición de la contribución de herencia mencionada.

"6. La contribución total de herencia ascendió a la cantidad de $24,045.08; y el pago de dicha contribución se hizo el día 6 de febrero de 1946.

"7. Dentro del término que fija la ley la querellante radicó su planilla de contribución sobre ingresos para el año 1946, detallando todos los ingresos que ella alega haber recibido durante dicho año de todos los bienes que pertenecían a ella y su difunto esposo en la forma siguiente:

| | |
|---|---:|
| "Intereses tributables de hipotecas, bonos, depósitos y acreencias | $6,078.05 |
| "Rentas de Inmuebles | 17,528.50 |
| "Dividendos y Beneficios | 21,258.20 |
| "Agricultura | 66.88 |
| "Total de Ingreso Tributable Bruto Declarado | $44,931.63 |

"La querellante reclamó deducciones por los siguientes conceptos:

"Contribuciones sobre la Propiedad.......... $3, 512. 53
"Depreciación ............................ 1, 692. 30
"Reparaciones ............................ 2, 755. 91
"Donativos ............................... 311. 00
"Mitad de servicios médicos, etc............. 455. 00
"Otros gastos ............................ 1, 907. 88

"Total de Deducciones Reclamadas........... $10, 634. 62

"8. Los ingresos declarados y las deducciones reclamadas representan ingresos provenientes de las propiedades y bienes de la querellante y sus hijas y las deducciones reclamadas representan todas gastos y pagos reclamados como deducibles, hechos por la querellante y sus hijas en relación con las propiedades de la querellante y sus hijas.

"Nada de lo estipulado en este párrafo se entenderá en el sentido de que el Tesorero de Puerto Rico acepta la corrección de las partidas por ingresos o deducciones relacionadas, ni afectará el derecho del Tesorero de Puerto Rico a notificar o tasar deficiencias en relación con el año envuelto si determinare que tales deficiencias proceden.

"9. La querellante reclamó créditos y exención personal en la suma de $2,800; declaró un ingreso tributable ascendente a $31,497.01, y la contribución sobre ingresos ascendió a $11,023.47, que fué pagada en dos plazos iguales durante el año 1947.

"10. La querellante no reclamó como deducción la contribución de herencia pagada sobre los bienes heredados por sus hijas en febrero 6 de 1946, ascendente a $24,045.08.

"11. Dentro del término fijado por la ley la querellante solicitó el reintegro de la suma de $9,784.04 de la contribución de ingreso correspondiente al año 1946, pagada por los conceptos indicados, alegando que en la planilla radicada no se había incluído entre las deducciones reclamadas la contribución de herencia ascendente a $24,045.08, pagada en febrero 6 de 1946, y que dicha contribución era deducible bajo la sección 16 de la ley aplicable, y dicha solicitud fué denegada por el querellado en noviembre 14 de 1947 por resolución administrativa que copiada lee así:

"'Por la presente se le notifica que este Departamento ha resuelto denegar su reclamación de reintegro de contri-

bución sobre ingresos del año 1946, toda vez que la contribución sobre herencia pagada por sus hijas Ana María [sic] y María Cecilia Serra, caso núm. 2324-A, no es deducible en la declaración de ingresos radicada por usted por el referido año contributivo.'

"Que la liquidación de la sociedad de gananciales que existía entre la querellante y su esposo fallecido, Juan P. Serra, y la partición de los bienes de dicho difunto, se llevó a efecto mediante la escritura número cinco, otorgada en San Juan, Puerto Rico, ante el notario G. E. González, el día 26 de febrero de 1946."

Se presentó además por la querellante prueba documental que fué admitida sin oposición, y en relación con el pago de la contribución de herencia, el tribunal inferior hizo constar en su opinión lo siguiente:

"En 4 de febrero de 1946 la Corte de Distrito dictó una Orden autorizando al Defensor Judicial Heliodoro Blanco a retirar fondos del National City Bank—Sucursales de San Juan y Bayamón—para pagar la contribución de herencia. En esta Orden se hace constar que en 30 de enero de 1946 el Defensor Judicial había radicado en Corte una Moción solicitando la aprobación de la partición y distribución de los bienes, a la cual se adhirió un inventario de los mismos, y cuya moción fué discutida en Corte abierta con asistencia del Fiscal el 4 de febrero de 1946. Se solicitó por el Defensor Judicial en dicha Moción el retiro de fondos para pagar la contribución de herencia *con cargo al haber hereditario* de las menores, a lo cual consintió el Fiscal y la madre de éstas. Al autorizarse el referido retiro de fondos la Corte hizo constar expresamente lo siguiente: 'que la mencionada cantidad o suma será deducida del haber hereditario de las mencionadas menores al llevarse a efecto finalmente la partición y distribución de los bienes del finado don Juan Primitivo Serra, en la proporción de $12,022.54 a cada una.'

"En 7 de febrero de 1946 se hizo efectivo al Tesorero el pago de la contribución de herencia."

Aun cuando la peticionaria hace un señalamiento de seis errores, su contención, tanto ante el Tribunal de Contribuciones como antes nos, puede resumirse en esta forma: (1) que la planilla sobre ingresos rendida por ella para el año 1946 equivale y debe considerarse como la planilla de la Suce-

sión de don Juan P. Serra, bajo las disposiciones de la sección 20 de la Ley de Contribuciones sobre Ingresos y la contribución de herencia pagada con cargo al haber hereditario de sus hijas es una deducción permisible contra los ingresos declarados por ella en su planilla, bajo las disposiciones de la sección 16 (a) (3) de dicha ley; (2) en la alternativa, sostiene la peticionaria que en 1946 ella era la administradora de los bienes de sus hijas menores de edad y como tal la responsable del pago de la contribución de herencia, y (3) que aun como usufructuaria de los bienes de sus hijas, la contribución de herencia era deducible por ella.

## I

 Sostiene la peticionaria que la planilla rendida por ella individualmente correspondiente al año 1946 equivale y debe considerarse como la planilla de la Sucesión de Juan P. Serra bajo las disposiciones de la sección 20 (a) (3) de la Ley de Contribuciones sobre Ingresos, la cual dispone:

"Sección 20.—(a) La contribución impuesta por las partes I y II de este título se aplicará al ingreso de sucesiones o de cualquier clase de propiedad en fideicomiso, incluyendo—

" . . . . . . . .

"(3) Ingreso recibido por sucesiones durante el período de la administración o liquidación de propiedad de personas fallecidas."

Y además sostiene que la contribución de herencia pagada en febrero 7, 1946 constituye una deducción permisible contra los ingresos declarados por ella, de acuerdo con la sección 16 (a) (3) de dicha ley, que dispone que "Al computar el ingreso neto se admitirán como deducciones: ...Las contribucion s pagadas o vencidas dentro del año contributivo..."

: o creemos necesario entrar a considerar y resolver si una sucesión, como tal, tiene derecho a deducir de los ingresos abidos "durante el período de la administración o liquidac ón" de la propiedad de la persona fallecida, lo que se ha; ; pagado por concepto de contribución de herencia, ya

que a los efectos del presente caso llegamos a la conclusión de que la planilla rendida por la peticionaria no puede considerarse como la planilla de la Sucesión de Juan P. Serra.

Tanto la estipulación de las partes como la prueba demuestran que por escritura pública otorgada el 26 de febrero de 1946 se llevó a efecto la partición de los bienes dejados por Juan P. Serra quedando liquidada la sociedad de gananciales que existía entre la peticionaria y su esposo. Al referirse la sección 20(a) (3), supra, a las sucesiones como contribuyentes y que sus ingresos incluirán lo recibido durante el período de la administración o liquidación de las propiedades de la persona fallecida, significa los ingresos habidos con anterioridad a la partición ya que ésta tuvo el efecto de dar por terminada dicha administración y liquidación y confirió a los herederos la propiedad exclusiva de los bienes que les fueron adjudicados. Artículo 1021 del Código Civil, ed. de 1930. Véase 7 Manresa, Comentarios al Código Civil Español, 6ta. ed., 1943, pág. 726 et seq. Arguye la peticionaria que la sucesión a que se refiere la sección 20 es una que puede continuar existiendo aun después de efectuarse la partición y cita el caso de *Buscaglia, Tes.* v. *Tribl. de Contribuciones*, 67 D.P.R. 433. En dicho caso no estaba envuelta esta cuestión y no vemos qué aplicación pueda tener al presente.

Arguye, además, la peticionaria que todas las rentas producidas por los bienes de Juan P. Serra afluyeron hacia ella y que en la planilla para el año 1946 ella dedujo ciertas partidas de gastos relacionadas con las propiedades heredadas por sus hijas menores tales como contribuciones sobre la propiedad, reparaciones, depreciaciones, etc. Empero, en este caso no está envuelta la procedencia de estas deducciones. Por el contrario, en la estipulación de hechos presentada por las partes, se hizo constar que el Tesorero no aceptaba "la corrección de las partidas por ingresos o deducciones relacionadas, ni afectará el derecho del Tesorero de Puerto Rico

a notificar o tasar deficiencias en relación con el año envuelto si determinare que tales deficiencias proceden."

## II

En la alternativa sostiene la peticionaria que durante el año 1946 ella era la administradora de los bienes de sus hijas menores de edad y como tal la responsable del pago de la contribución de herencia y por tanto, tenía derecho a deducirla en su planilla y que, en todo caso, como usufructuaria de dichos bienes también tenía el mismo derecho.

Como cuestión de hecho no fué ella quien pagó dicha contribución sino el Defensor Judicial autorizado por la corte y dicho pago se hizo con cargo al haber hereditario de las dos menores en la proporción de $12,022.54 a cada una. Y, como cuestión de derecho, por la Ley núm. 99 de 29 de agosto de 1925, Para Modificar y Ampliar la Contribución Sobre Trasmisión de Bienes por Herencia, etc., vigente a la fecha del fallecimiento de Juan P. Serra, la contribución de herencia se imponía a los herederos por el privilegio de recibir la propiedad. ([1]) Es decir, esta contribución es lo que en la jurisdicción federal se conoce como un *"succession or inheritance tax"* a diferenciarse del *"estate tax"* en el cual la contribución se impone sobre el privilegio de trasmitir la propiedad. Véanse *Inter Vivos Transfers and the Federal Estate Tax*, 81 U. of Pa. L. Rev. 937; *Keith* v. *Johnson*, 271 U. S. 1, 8; *U. S. Trust Co.* v. *Helvering*, 307 U. S. 57; *Chickering* v. *Commissioner of Internal Revenue*, 118 F.2d 254.

El hecho de que el artículo 9 de la Ley núm. 99, supra, impusiese a "los administradores, albaceas, fideicomisarios u otras personas que administren los bienes sujetos al pago de dichas contribuciones" la obligación de pagarle al Tesorero, no significa que dichas personas, en la capacidad en que actúan, sean las que sufran el peso de dicho pago. Así lo resolvimos en *Kessler* v. *Domenech, Tesorero*, 49 D.P.R. 196, 213, diciendo: "Es cierto que la ley se refiere a los adminis-

---

([1]) Igual sucede bajo la Ley núm. 303 de 12 de abril de 1946 ((1) pág. 783). Véase *Tes.* v. *Tribl. Contribuciones y Gráu*, 70 D.P.R. 457.

dores, albaceas, fideicomisarios u otras personas que administren los bienes sujetos al pago de la contribución, porque *son ellos generalmente los encargados de liquidar el caudal* de la herencia para trasmitirlo limpio a los herederos, *pero es sobre éstos sobre los que recae siempre el pago de la contribución, bien se satisfaga el impuesto por los administradores, ya directamente por los herederos"*. (Bastardillas nuestras.) En otras palabras, el artículo 9 lo que hace es proveer quién habrá de pagar la contribución de herencia sin que por ello se le esté imponiendo la contribución.

Por otra parte, es cierto que el Código Civil, no obstante las disposiciones de los artículos 432 y 433, [2] no provee quién deberá pagar las contribuciones sobre herencia en el caso que exista un usufructo. Las contribuciones a que hace referencia el artículo 432 son las territoriales—*Buitrago* v. *Gilot*, 27 D.P.R. 354—y las de herencia no pueden conceptuarse como las impuestas al capital a que se refiere el artículo 433. Al recaer la contribución de herencia en este caso sobre las hijas menores de edad sólo ellas podían deducirla de sus ingresos. Ahora bien, ¿qué alcance tiene el hecho de que de acuerdo con el artículo 155 del Código Civil [3] la peti-

---

[2] Los artículos 432 y 433 del Código Civil, ed. de 1930, disponen lo siguiente:

"Artículo 432.—Salvo lo dispuesto en el artículo siguiente, el pago de las cargas y contribuciones anuales y el de las que se consideren gravámenes de los frutos, serán de cuenta del usufructuario todo el tiempo que el usufructo dure."

"Artículo 433.—Las contribuciones que durante el usufructo se impongan directamente sobre el capital, serán de cargo del propietario.

"Si éste las hubiese satisfecho, deberá el usufructuario abonarle los intereses correspondientes a las sumas que en dicho concepto hubiese pagado; y si las anticipare el usufructuario, deberá recibir su importe al fin del usufructo."

[3] El artículo 155 del Código Civil dispone:

"Los bienes que el hijo no emancipado haya adquirido o adquiera con su trabajo o industria, o por cualquier título lucrativo, pertenecen al hijo en propiedad, y en usufructo a los padres que le tengan en su potestad y compañía; pero si el hijo, con consentimiento de sus padres, viviere independientemente de éstos, se le reputará para todos los efectos relativos a dichos bienes, como emancipado, y tendrá en ellos el dominio, el usufructo y la administración."

cionaria tenía el usufructo de los bienes de sus hijas menores de edad y de acuerdo con el artículo 154 (⁴) tenía la administración de dichos bienes? Sostiene la peticionaria que ella como administradora era la responsable del pago de la contribución de herencia. Ya hemos dicho que quien hizo el pago fué el Defensor Judicial con fondos que Juan P. Serra tenía depositados en distintos bancos y con cargo al haber hereditario de las dos hijas. Podría decirse que la administración de la peticionaria no comenzó hasta después de la partición pero independientemente de eso, no podemos convenir con la tesis de la peticionaria en el sentido de que por el hecho de que el usufructo legal creado en el artículo 155 es uno de carácter condicionado, ya que no puede ser enajenado, gravado o renunciado por los padres, por tener los hijos el derecho preferente de ser alimentados y educados con la·parte necesaria para dichos fines del usufructo legal— *Suárez* v. *Registrador*, 35 D.P.R. 509; *Guerra* v. *Ortiz*, 71 D.P.R. 613; 2 Manresa, Comentarios al Código Civil, 6ta. ed., pág. 47; 4 Manresa, ob. cit., 5ta. ed., pág. 328—tiene el alcance de convertir dicho usufructo en una mera administración de los bienes de sus hijas. Nada encontramos en nuestro Código Civil que disponga que terminada la condición de usufructuaria de la peticionaria tenga ésta la obligación de rendir cuentas a sus hijas sobre el remanente que pueda haber de los frutos percibidos por ella después de haber sufragado los gastos correspondientes a la alimentación, cuido y educación de sus hijas, como sería el caso si ella fuese meramente administradora de sus bienes.

■ Por otra parte el Código Civil ha sido explícito al disponer en qué casos corresponde a los padres o a los hijos la administración de los bienes de estos últimos. De esta manera el propio artículo 155 dispone que cuando el hijo no

---

(⁴) Dicho artículo dispone:

"Artículo 154.—La administración de los bienes de los hijos que estén bajo la patria potestad pertenece, en primer término, al padre, y en ausencia, impedimento legal o muerte de éste, a la madre."

emancipado, con el consentimiento de sus padres, viva independientemente de éstos, se le reputará para todos los efectos relativos a dichos bienes, como emancipado, y tendrá en ellos el dominio, el usufructo y la administración; y el artículo 157 dispone que en los bienes o rentas donados o legados al hijo no emancipado para su educación e instrucción, ellos tendrán la propiedad y usufructo pero su administración corresponderá al padre o a la madre, si en la donación o legado no se hubiese dispuesto otra cosa, y específicamente el artículo 158 dispone que "Los padres tienen, relativamente a los bienes del hijo en que les corresponda el usufructo o administración, las obligaciones de todo usufructuario o administrador, y las especiales sobre hipoteca legal establecida en la ley hipotecaria. Se formará inventario, con intervención del fiscal, de los bienes de los hijos *en que los padres tengan sólo la administración;* y, a propuesta del mismo, podrá decretarse por la corte de distrito el depósito de los valores mobiliarios propios del hijo." (Bastardillas nuestras.)

Existe, por tanto, una clara distinción entre un usufructuario y un administrador de bienes de un hijo no emancipado, siendo distintas las obligaciones, deberes y derechos del uno y del otro.

*Debe confirmarse la sentencia.*