COLLAZO, DEMANDANTE Y APELANTE, *v.* HILL, TESORERO INTERINO DE PUERTO RICO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en pleito sobre devolución de contribuciones pagadas bajo protesta.

No. 1607.—Resuelto en mayo 12, 1917.

CONTRIBUCIÓN DE HERENCIA—REPUDIACIÓN DE HERENCIA—HERENCIA—GRAVAMEN SOBRE LA PROPIEDAD.—A los efectos del pago de una contribución de herencia

en nada afecta el hecho de que la herencia en cuestión haya sido repudiada por el heredero, pues conforme a los artículos 368 y 376 del Código Político, existe un gravamen sobre la propiedad para el pago de la contribución, hasta tanto que sea ésta satisfecha.

ID.—PERSONAS RESPONSABLES DEL PAGO—ADMINISTRADORES.—Por virtud de los artículos 376 y 377 del Código Político el administrador de los bienes del difunto es el responsable del pago de la contribución de herencia.

DEMANDAS—CONCURRENCIA DE LAS CORTES—DEMANDANTE LIBRE DE CULPA.—Las cortes no prestarán su concurrencia a demandas en que el demandante no viene libre de culpa (*with clean hands*).

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José D. Rodríguez.*

Abogados del apelado: *Sres. José E. Figueras, Fiscal de Distrito, y Salvador Mestre, Fiscal del Supremo.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Este es un procedimiento sobre devolución de una contribución de herencia de $84 y sus intereses que fueron pagados bajo protesta. El artículo 368 del Código Político prescribe lo siguiente:

"Todos los bienes inmuebles en Puerto Rico y cualquiera participación en ellos, pertenecientes o no a habitantes de Puerto Rico; y todos los bienes muebles pertenecientes a habitantes de Puerto Rico, que, por testamento o abintestato, o por herencia o por donación cualquiera efectuada, cuya intención fuere otorgar la posesión o el usufructo después del fallecimiento del donador, se transmitieren a cualquiera persona, sociedad, institución o corporación en fideicomiso, o con otro carácter, que no sea su esposa, hijo, nieto o persona legalmente reconocida como hijo adoptivo del fallecido, ni para el uso de uno o más de ellos, estarán sujetos a la contribución que más adelante se expresa; *Disponiéndose*, que no se cobrará contribución alguna sobre bienes que se transmitan a un heredero, legatario o donatario determinado, si dichos bienes fuesen tasados en doscientos dollars o menos; *Y disponiéndose, además,* que cuando el valor de tales bienes exceda de doscientos dollars, estos doscientos dollars se rebajarán al computar la contribución sobre los bienes referidos."

Alega el apelante que no es responsable del pago de dicha contribución por haber repudiado la herencia en cuestión. Juan Collazo Bracero era hijo natural reconocido del ape-

lante Antonio Collazo.   El referido Collazo Bracero falle-
ció el día 20 de octubre de 1913, y era dueño de una finca ra-
dicada en Lares, barrio de "Buenos Aires."   Un acreedor
estableció una acción contra la sucesión de Juan Collazo Bra-
cero en cobro de la suma de $350, y después de dictada sen-
tencia compró dicha propiedad al márshal por la expresada
suma de $350.   Dicho acreedor la vendió a Guillermo García
Susoni en $500, y este último a su vez la vendió a Antonio
Collazo, demandante y apelante en este caso, en $2,500, quien
pagó las contribuciones bajo protesta.

La supuesta repudiación de la herencia no importaba,
pues el artículo 376 del Código Político prescribe lo siguiente:

"Todas las contribuciones impuestas por virtud del Capítulo III
de este título serán ingresadas en la Tesorería de Puerto Rico por
los administradores, albaceas, fideicomisarios, u otras personas que
administren los bienes sujetos al pago de dichas contribuciones; y
todos los referidos administradores, albaceas, fideicomisarios o per-
sonas serán responsables por dichas contribuciones, con intereses,
como más adelante aquí se prescribe, hasta que las mismas hayan sido
satisfechas.   Dichas contribuciones serán devengadas y pagaderas
inmediatamente, después del fallecimiento de un poseedor de bienes,
o constituirán desde luego un gravamen sobre tales bienes, y seguirán
siendo gravamen hasta que se satisfagan.   Si dichas contribuciones
no se pagan dentro de diez días contados desde la presentación del
recibo de contribuciones, el Tesorero exigirá al correspondiente alba-
cea, administrador o fideicomisario fianza del doble del montante de
dichas contribuciones vencidas que se adeudan, la cual garantice el
pago total y saldo de dichas contribuciones, en la forma y dentro del
plazo que por esta ley se establecen; y el Tesorero está autorizado
para embargar la propiedad de dicho fallecido, sujeta al pago de
contribución, hasta tanto que se haya prestado la antedicha fianza.
Si dichas contribuciones no se pagasen dentro de un año, contado
desde el expresado fallecimiento, se cargarán y se cobrarán intereses
sobre ellas, al tipo de diez por ciento; y si dichas contribuciones no
se pagasen dentro de los diez y ocho meses contados desde el falle-
cimiento, será obligación del Fiscal de distrito en donde dichas
contribuciones quedaron en descubierto, instruir los procedimientos
necesarios para su cobro, al recibir oportuno aviso del Tesorero de
no haberse pagado."

De acuerdo con los dos artículos citados existe un gravamen sobre la propiedad de una persona para el pago de una contribución de herencia, de haber alguna herencia. Existía, como es de presumirse dicha herencia, pues no hay en este caso la más leve tentativa para demostrar que la suma de $84 no era la verdadera suma de contribuciones por el valor de la finca que entonces valdría más de los $2,500 pagados por el apelante a García Susoni.

Guillermo García Susoni, que en la certificación del registrador de la propiedad aparece comprando la finca al acreedor y vendiéndosela al apelante, era el administrador de los bienes de Juan Collazo Bracero. Por virtud de los artículos 376 y 377 del Código Político él es responsable del pago de la contribución por herencia. García Susoni recibió, como parece, $2,500 del apelante por la finca, suma que por ser él administrador de los bienes, y debe considerarse que la recibió para la sucesión, era pagadera a los herederos, aun cuando el apelante no fuera el heredero. Siempre hay alguien que es el heredero de una persona que deja bienes y si no hubiere otra persona El Pueblo de Puerto Rico es el heredero.

Por tanto, es innecesario insistir, como hace el apelado, en que el apelante era el heredero y que no repudió debidamente la herencia. Creemos formalmente que él repudió la herencia mediante escritura pública. Por otro lado consta el hecho de que la acción en cobro de $350 fué establecida contra la sucesión de su hijo, siendo el apelante quien la componía, y no se hace constar que él se hubiera negado a recibir la notificación.

Convenimos, en verdad con el Gobierno, en que el procedimiento parece ser algo así como un ardid para burlar el pago de las contribuciones. La finca ciertamente que valía mucho más de la suma en que fué vendida al supuesto acreedor y muy pronto pasó a poder del apelante que era el heredero natural. Esta es una razón más para que se confirme

la sentencia, pues las cortes no prestarán su concurso a demandas como ésta cuando el demandante no viene a la corte libre de culpa (*with clean hands*).

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.