SOL LUIS DESCARTES, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; SARA AZOPARDO VDA. DE ORDAZ, interventora.

Núm. 229.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Noviembre 22, 1949.

*Hon. Procurador General Vicente Géigel Polanco y José A. García Malpica, Procurador General Auxiliar,* abogados del peticionario; *Damián Monserrat, Jr., Gabriel de la Haba y Rafael Baragaño, Jr.,* abogados de la interventora, querellante en el pleito principal.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

La sección 9 de la Ley núm. 99, Leyes de Puerto Rico, 1925 (pág. 791), según fué enmendada por la Ley núm. 20, Leyes de Puerto Rico, 1933 (Leyes de 1932–33, pág. 233), disponía el pago de intereses a razón del 1 por ciento mensual sobre contribuciones de herencia pendientes de pago. La sección 9 fué enmendada por la Ley núm. 20, Leyes de Puerto Rico, 1941, Sesión Extraordinaria (pág. 65), reduciendo tal tipo de interés al 6 por ciento anual.

En el presente caso las contribuciones de herencia eran pagaderas en 1936 y 1937 pero no se pagaron hasta 1947. A los fines de este caso, se admite que el Tesorero tenía derecho a cobrar intereses sobre las mismas al 1 por ciento mensual desde las fechas en que eran pagaderas hasta el 21 de noviembre de 1941, día en que se aprobó la Ley núm. 20 reduciendo el interés al ½ por ciento por mes. Sin embargo, el Tesorero alega que aun el interés devengado desde el 21 de noviembre de 1941 hasta 1947 debe pagarse al tipo anterior del 1 por ciento por mes en vez de al tipo nuevo de ½ por ciento mensual, que entró en vigor el 21 de noviembre de 1941.

El caso surgió como sigue: El 27 de septiembre del 1936 murió Isabel Sampayo Saldaña, dejando a su nieto Manuel Ordaz Azopardo como su único y universal heredero. Éste nunca pagó contribuciones de herencia sobre los bienes heredados de su abuela. Ordaz falleció el 22 de julio de 1937, dejando a su madre, Sara Azopardo Vda. de Ordaz, la contribuyente en este caso, como su única y universal heredera. El 10 de septiembre de 1947 la señora Azopardo pagó las contribuciones de herencia adeudadas, pero sostuvo que no debía pagar intereses sobre las mismas.

La contribuyente radicó querella ante el Tribunal de Contribuciones solicitando se le relevara de pagar los intereses envueltos. El Tribunal de Contribuciones decidió la contención principal en contra de la contribuyente, y ésta no radicó solicitud de *certiorari* contra dicha resolución. Pero el Tribunal de Contribuciones incluyó en su decisión una disposición al efecto de que a partir del 21 de noviembre de 1941 hasta el 10 de septiembre de 1947, fecha de pago de las contribuciones, el interés sobre las mismas debía calcularse a razón de ½ por ciento mensual y no al 1 por ciento, en virtud de la Ley núm. 20 de 1941. El caso se encuentra ahora ante nos en certiorari radicado por el Tesorero con el fin de que revisemos esta parte de la decisión del Tribunal de Contribuciones.

El Tesorero alega que la Ley núm. 20 de 1941 no es de aplicación porque a las fechas en que la señora Sampayo y Ordaz fallecieron—27 de septiembre de 1936 y 22 de julio de 1937, respectivamente—la Ley núm. 20 de 1941 no estaba en vigor sino más bien la núm. 20 de 1933, que disponía que el tipo de interés sobre contribuciones de herencia adeudadas sería el 1 por ciento mensual. Sostiene el Tesorero (1) que en relación con contribuciones de herencia el estatuto imperante es aquél que rige a la fecha de la muerte del causante y (2) que cuando se deroga un estatuto, una ley general de reserva, como lo es el artículo 386 del Código Político, opera para salvar derechos sustantivos o penalidades surgidos bajo

la ley que se deroga, *Puerto Rico Ilustrado, Inc.* v. *Buscaglia, Tes.*, 64 D.P.R. 914, 954–57.[1]

El Tesorero tiene razón al afirmar que la regla general es que la ley en vigor a la fecha en que muere una persona, y no el estatuto según es posteriormente enmendado, es el que debe aplicarse a los fines de contribuciones de herencia. Anotaciones, 26 A.L.R. 1461, 1480; 66 A.L.R. 404, 414; 109 A.L.R. 858, 876; 114 A.L.R. 518, 521. Pero eso es así precisamente porque la responsabilidad por contribuciones de herencia surge cuando ocurre la muerte y antes de que se apruebe la ley enmendatoria. Por otro lado, la responsabilidad en este caso para el pago de intereses entre el 21 de noviembre de 1941 y septiembre 10 de 1947 surgió solamente después del 21 de noviembre del 1941, luego de haberse ya aprobado la Ley núm. 20 de 1941. En su consecuencia, esta última ley era de aplicación a esta nueva responsabilidad que surgió después de ser aprobada.

De igual forma, el principio envuelto en el caso de *Puerto Rico Ilustrado, Inc.* y el artículo 386 no es de aplicación aquí. En primer lugar, este concepto se refiere a un estatuto *derogado* bajo el cual no se puede incurrir en el futuro en responsabilidad alguna, y bajo el cual los derechos y penalidades envueltos ya se habían devengado en el pasado. En este caso, a nuestros fines, la Ley núm. 20 de 1941 operó meramente para modificar la ley anterior, reduciendo el interés del 1 por ciento al ½ por ciento mensual. Pero lo que es más importante, la responsabilidad en cuestión—intereses desde el 21 de noviembre de 1941 al 10 de septiembre de 1947—no se había devengado cuando se aprobó la Ley de 1941. Por el contrario, la

---

[1] El artículo 386 prescribe:

"La derogación de cualquier estatuto por la Asamblea Legislativa no tendrá el efecto de exonerar o eximir de ninguna pena, embargo, confiscación o responsabilidad en que se hubiere incurrido bajo dicho estatuto, a menos que la ley derogatoria así lo dispusiere expresamente, y se tendrá por vigente dicho estatuto, al objeto de sostener la respectiva acción o proceso para exigir el cumplimiento de dicha pena, embargo, confiscación o responsabilidad."

responsabilidad para tales intereses se incurrió después del 21 de noviembre de 1941. En consecuencia, el artículo 386 del Código Político y el caso de *Puerto Rico Ilustrado, Inc.*, que se refieren a responsabilidades devengadas antes de aprobarse la ley derogatoria, no son de aplicación aquí. Toda vez que este caso trata de intereses devengados con posterioridad al 21 de noviembre de 1941, es de aplicación a este caso la ley aprobada en dicha fecha para tener efecto prospectivamente.

Nada encontramos en la Anotación en 79 A.L.R. 1034, citada por el Tesorero, que sostenga su posición. Los casos de dicha Anotación se refieren mayormente a penalidades devengadas con anterioridad a la aprobación de la ley enmendatoria. En verdad, el único caso de esta Anotación que tiene alguna semejanza con la cuestión ante nos aparentemente sostiene la posición de la contribuyente más bien que la del Tesorero. *Louisville Car Wheel & Ry. Supply Co.* v. *City of Louisville,* 142 S. W. 1043, 1046–47 (Ky., 1912).

El Tesorero descansa en parte en nuestro lenguaje en *Buscaglia, Tes.* v. *Tribl. de Contribuciones, Carmen y María de la Cruz del Toro Rodríguez, interventoras,* 68 D.P.R. 438, 441–42, que dice así: "*Y ésa sin duda alguna sería la única ley aplicable* [Ley núm. 20 de 1933] de no haber ocurrido los hechos que motivaron el litigio terminado por nuestra decisión de mayo 28 de 1945, 65 D.P.R. 63." (Corchetes y bastardillas nuestras.) Esto fué un *dictum* innecesario para la decisión de dicho caso y lo desaprobamos ahora a la luz del razonamiento antes expuesto

Hasta donde hemos podido descubrir, no se ha hecho gestión alguna para cobrar al tipo *anterior* intereses devengados sobre contribuciones de herencia y de ingresos federales pendientes de pago *después* de que los tipos de interés fueron como aquí reducidos, no obstante el hecho de que como en Puerto Rico, en lo federal existe también un estatuto general de reserva. Véanse 10 Mertens, *Law of Federal Income*

*Taxation,* sección 55.02, págs. 5–6; Paul, *Federal Estate and Gift Taxation,* sección 13.37, págs. 748–50.

*La decisión del Tribunal de Contribuciones será confirmada.*

El Juez Asociado Sr. Negrón Fernández no intervino.