JUAN HERNÁNDEZ BATALLA, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; TESORERO DE PUERTO RICO, interventor.

Núm. 259.—*Sometido:* Abril 1, 1951.—*Resuelto:* Septiembre 12, 1952.

A. *Ramírez Silva,* abogado del peticionario; *Hon. Procurador General Víctor Gutiérrez Franqui* (*V. Géigel Polanco, Ex Procurador General,* en el alegato) y *Cándico Ceballos, Procurador General Auxiliar,* abogados del interventor, querellado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

El 30 de enero de 1948 el aquí peticionario fué notificado por el Tesorero de Puerto Rico de deficiencias en su contribución sobre ingresos correspondiente a los años contributivos 1941 y 1943. Dichas deficiencias comprendían rentas provenientes de bienes inmuebles heredados por los menores Ana Adelaida y Carlos Juan Bianchi Foote—hijos de la esposa del peticionario, Ana Elena Foote, en su primer matrimonio con Carlos Bianchi Green—de su abuelo paterno Juan Bianchi Rosafa.

Denegada por el Tesorero la reconsideración de dicha deficiencia, elevó querella el peticionario en forma y término hábil al antiguo Tribunal de Contribuciones. Luego de la vista correspondiente, su querella fué declarada sin lugar, y no ha-

biendo formulado objeción al cómputo que oportunamente le fué notificado, fué éste aprobado y su importe por él satisfecho.

Expedimos el auto de *certiorari*, autorizado por la legislación entonces en vigor, para revisar la resolución del Tribunal de Contribuciones al efecto de que el peticionario venía obligado a incluir en sus declaraciones de ingresos para los años 1941 y 1943 las rentas derivadas de los bienes inmuebles heredados por los hijos de su esposa, quienes vivían en compañía de ésta y sobre los cuales tenía ella la patria potestad.

Además de las admisiones contenidas en la contestación del Tesorero, que es innecesario enumerar aquí, el caso fué sometido al Tribunal de Contribuciones mediante la siguiente estipulación de hechos:

"Que el querellante fué notificado de las deficiencias de que se trata en 30 de enero de 1949 y que en su oportunidad dicho querellante sometió las cuestiones de derecho envueltas a la decisión del Negociado de Contribución Sobre Ingresos quien procedió a resolver el caso en contra del querellante en 24 de febrero de 1949.

"Se acepta que los menores Ana Adelaida y Carlos Juan Bianchi Foote radicaron planillas de sus ingresos por separado para los años 1941–43; que los ingresos obtenidos por dichos menores para los años 1941–43 provienen de rentas de bienes inmuebles heredados por dichos menores de su abuelo Juan Bianchi Rosafa, padre del finado primer esposo de la madre de dichos menores, Ana Elena Foote, la que está casada, actualmente, en segundas nupcias, con el querellante.

"Se acepta que los menores estaban, para la fecha de que se trata, bajo la patria potestad de su señora madre Ana Elena Foote y vivían en su compañía."

El peticionario sostiene que las rentas producidas por la propiedad heredada por los menores son propiedad de, y pertenecen a éstos, y que por lo tanto a ellos—como lo hicieron—correspondía rendir declaraciones y pagar la contribución de ingresos por dicho concepto, no viniendo él obligado a incluir tales rentas en sus planillas.

Al resolver el caso, el Tribunal de Contribuciones aplicó los artículos 1301 y 1303 del Código Civil, ed. 1930,(¹) llegando a la conclusión de que las referidas rentas eran gananciales y que por lo tanto, conforme al artículo 24(*b*) de la Ley de Contribuciones sobre Ingresos—Núm. 74 de 6 de agosto de 1925 (pág. 401), según ha sido enmendada—el peticionario y su esposa venían obligados a rendir en una sola declaración conjunta, y a computar su contribución, sobre el ingreso total de ambos.

 Arguye el peticionario que las disposiciones del artículo 1301 nada tienen que ver con la situación aquí planteada y que el 1303 tampoco es aplicable en cuanto al concepto de ganancial que informa, pues dicho precepto se refiere exclusivamente al usufructo que como cuota viudal corresponde por herencia al cónyuge supérstite en los bienes heredados por sus hijos, sean éstos o no menores de edad, no estando comprendido en el mismo el usufructo de los bienes de los hijos no emancipados, el cual pertenece, según el artículo 155 del Código Civil, ed 1930,(²) a los padres "que le tengan en su po-

(¹) Dichos artículos disponen:

"Artículo 1301.—Son bienes gananciales:

"1. Los adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad, bien para uno solo de los esposos.

"2. Los obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos.

"3. Los frutos, rentas o intereses percibidos o devengados durante el matrimonio, procedentes de los bienes comunes o de los peculiares de cada uno de los cónyuges.

"Artículo 1303.—El derecho de usufructo o de pensión, perteneciente a uno de los cónyuges perpetuamente o de por vida, formará parte de sus bienes propios; pero los frutos, pensiones o intereses devengados durante el matrimonio, serán gananciales.

"Se comprende en esta disposición el usufructo que tienen los cónyuges en los bienes de sus hijos, aunque sean de otro matrimonio."

(²) Dicho artículo dispone:

"Los bienes que el hijo no emancipado haya adquirido o adquiera con su trabajo o industria, o por cualquier título lucrativo, pertenecen al hijo en propiedad, y en usufructo a los padres que le tengan en su potestad y compañía; pero si el hijo, con consentimiento de sus padres, viviere independientemente de éstos, se le reputará para todos los efectos relativos a dichos bienes, como emancipado, y tendrá en ellos el dominio, el usufructo y la administración."

testad y compañía," y que no teniendo el peticionario la *potestad* sobre los menores ya nombrados, no pueden las rentas producidas por sus bienes perjudicar sus derechos.

No podemos convenir con el peticionario en cuanto a la no aplicabilidad de los artículos 1301 y 1303 a la cuestión que nos ocupa, y mucho menos en cuanto al alcance que le atribuye al 1303, con relación al cual cita el siguiente comentario de Manresa:

"La simple lectura del artículo hace notar en seguida una omisión: sólo se habla de lo que pertenece a uno de los cónyuges perpetuamente o de por vida, palabras que deben aplicarse a las pensiones, a pesar de que parecen referirse también al usufructo, porque cabe hablar de pensiones perpetuas, aunque ninguna lo sea en realidad; pero no se habla jamás de usufructos perpetuos, ni son concebibles en el espíritu de nuestro Código.

" . . . . . . .

"A pesar de todos los esfuerzos del legislador y de todas las teorías de los autores, es, sin embargo, difícil, lo mismo en el usufructo que en la pensión, separar el derecho mismo de su propio y especial contenido. Salvo en ciertas pensiones, como las de los censos, respecto de las que no hay lugar a duda, y salvo también el caso en que el derecho experimente una transformación o sustitución, quítese en el usufructo el uso y disfrute de los objetos, y en la pensión el abono periódico de cantidad, sea en frutos o en metálico, y lo que queda, nada realmente representa, apariencia de algo que en el mismo disfrute va embebido. Por esto no cabe enajenar el derecho con independencia de su propio ejercicio o contenido, porque no hay aquí una especie de nuda propiedad en la que más tarde o más temprano haya de refundirse el percibo de los frutos o el de la pensión. De modo que, en resumen, eso que la ley considera como capital o derecho propio de uno de los cónyuges, queda convertido en la realidad en una sombra del ejercicio o disfrute mismo. Muere el cónyuge usufructuario o pensionista vitalicio y con él se extingue su mal llamado capital. Sobrevive al otro esposo y continúa con lo que se llama percepción de frutos, pero nada más. Capital y frutos, prescindiendo de sutilezas y distinciones obscuras, representan una sola y misma cosa." 9 Manresa, Comentarios al Código Civil, ed. 1930, págs. 520–21.

El propio autor del anterior comentario, a la pág. 579 del Tomo 9, ed. 1950, afirma que "Prescindiendo de estas consideraciones teóricas, el artículo 1.403 [1303 de nuestro Código Civil, ed. 1930] . . . entiende que durante el matrimonio la sociedad de gananciales se subroga en el derecho del cónyuge usufructuario o pensionista, percibiendo cuantos frutos y rentas corresponderían a ese cónyuge." En adición al usufructo viudal—obviamente incluído en el artículo 1303—dicho artículo incluye también el usufructo legal que tiene el padre o madre con patria potestad sobre los bienes de sus hijos. Así se expresa el propio comentarista a las págs. 581–82 del tomo anteriormente citado:

*"Usufructos legales.*—El Código, al establecer la regla general en cuanto al usufructo, se refiere lo mismo al legal que al voluntario. El segundo párrafo del artículo comprende expresamente el usufructo que tienen los cónyuges en los bienes de sus hijos, aunque sean de otro matrimonio. Es carga de la sociedad el sostenimiento de la familia y la educación de los hijos comunes y de los legítimos de uno solo de los cónyuges; nada, pues, más natural que el usufructo de los bienes de esos hijos forme parte, a su vez, del haber o activo de la sociedad de gananciales.

"Por la misma razón, el usufructo del cónyuge viudo que contrae segundas nupcias, está también comprendido en el artículo 1.403."

Y así se expresa Scaevola, Tomo 22, Código Civil págs. 202 *et seq.:*

"El derecho de usufructo, como el de pensión, no son otra cosa que una de las varias clases de bienes o derechos que se aportan al matrimonio por los cónyuges como de su pertenencia, a los que da carácter privativo el número 1º del artículo 1.396. En cuanto a los frutos, rentas o intereses, está declarado también con carácter general, en el 1.401, que tienen consideración de gananciales todos, indistintamente, los que proceden de los bienes comunes o de los peculiares de cada uno de los cónyuges y se devengan durante el matrimonio. Por lo tanto, el artículo 1.403 no contiene nuevas declaraciones, ni tampoco excepción alguna de lo establecido anteriormente, y pudiera ser suprimido por entero sin que en la práctica se ofrecieran dudas de alguna consideración.

"Pero en la historia de los gananciales, uno de los puntos más discutidos por los tratadistas ha sido precisamente el del usufructo, no sólo en general, sino particularmente, con referencia a ciertos casos merecedores de especial atención, entre los que figura muy principalmente el del usufructo de uno de los cónyuges en los bienes de alguno de los hijos habidos de otro matrimonio anterior. Respondiendo a la antigua diversidad de criterio, y a fin de evitarla en lo sucesivo, el legislador se creyó en el caso de hacer las declaraciones especiales del artículo 1.403: una, primeramente, con carácter general, en el sentido que queda indicado, y otra, particular, a que se refiere el último párrafo del precepto, donde se declara comprendido en la disposición el usufructo que tienen los cónyuges en los bienes de sus hijos, aunque sean de otro matrimonio."

Al morir el padre de los menores Ana Adelaida y Carlos Juan Bianchi Foote, a su viuda—actual esposa del peticionario—correspondió la patria potestad y custodia de dichos menores. Durante su viudez, el usufructo legal sobre los bienes adquiridos por sus hijos—por herencia de su abuelo—era privativo suyo y por consiguiente también privativas las rentas provenientes de dicho usufructo. Al contraer luego nupcias con el peticionario, se creó por ministerio de ley la sociedad de gananciales entre los nuevos cónyuges, reputándose desde entonces gananciales el producto o rentas provenientes de dicho usufructo legal. (³) No milita en contra de la doctrina apuntada el hecho de que el usufructo legal, por no ser enajenable, no es un derecho absoluto, *Suárez* v. *Registrador*, 35 D.P.R. 509, aun cuando convenimos en que es uno de carácter especial por estar el padre relevado de prestar fianza. Artículos 419 y 420 del Código Civil, ed. 1930.

---

(³) Aun si prescindiéramos del artículo 1303, citado en la opinión, las rentas producidas por el usufructo legal de la esposa del peticionario sobre los bienes de sus menores hijos tendrían siempre la reputación de gananciales en virtud de las disposiciones generales del inciso 3 del artículo 1301 del Código Civil, ed. 1930, que dispone que son bienes gananciales "Los frutos, rentas o intereses percibidos o devengados durante el matrimonio, procedentes de los bienes comunes o de los peculiares de cada uno de los cónyuges."

Si bien el usufructo legal adjudicado a los padres no es susceptible de libre enajenación debido al derecho preferente del hijo sobre los acreedores del padre y sobre la sociedad de gananciales—en tanto deban cubrir los padres con los frutos de los bienes de sus hijos todas las necesidades de éstos—sin embargo, el remanente puede utilizarse y responder de las demás obligaciones de la sociedad de gananciales. 2 Manresa, Comentarios al Código Civil, 36. Nada de inusitado tiene el que así sea, pues establecido por ley está, inciso 5, artículo 1308, Código Civil, que "el sostenimiento de la familia y la educación de los hijos comunes y de los legítimos de uno solo de los cónyuges" serán de cargo de la sociedad de gananciales. Es evidente que aun cuando la patria potestad sobre los menores Ana Adelaida y Carlos Juan Bianchi Foote la tiene la esposa del peticionario, y no éste por no ser su padre, el artículo 1308 en el inciso ya citado, sin embargo, le impone a la sociedad de gananciales—y por consiguiente a él como administrador—obligaciones de familia que atender. Una honda filosofía humana, que justifica la existencia de la regla de ley que nos ocupa, da vida a esos preceptos. Así puede verse del comentario de Scaevola a la pág. 284, tomo 22, de su obra Código Civil:

"Supone el Código que al contraer matrimonio un viudo con hijos, el otro cónyuge respeta y hace suya en lo posible la situación creada, se dispone con toda benevolencia a la ayuda de todos los seres con quienes adquiere obligación legal de compartir la vida. Una justicia rigurosa y seca impone al padre o madre la obligación exclusiva de sostener a su hijo a su costa, con independencia de los medios económicos del otro cónyuge. Más si el hijo legítimo que vive en la compañía de su padre y del nuevo cónyuge va a contribuir, como si lo fuera de los dos, a las satisfacciones del matrimonio y a participar de todas sus desventuras; si va a criarse al lado de los otros hijos del nuevo matrimonio y va a pasar acaso con ellos los dulces años de la infancia y a ser su compañero y su hermano, ¿no repugna un tanto a la constitución y funcionamiento de la familia que se le discuta el

pan que come, la ropa que estropea, la instrucción que adquiere, cuando por desgracia no hubiere recibido de su padre difunto bienes suficientes para atender con holgura a estas necesidades?"

La sección 15 (a) de la Ley de Contribuciones sobre Ingresos define el término "ingreso bruto" en la siguiente forma:

"El término 'ingreso bruto' incluye ganancias, beneficios o ingresos derivados de sueldos, jornales, o compensación por servicios personales (incluyendo en el caso de funcionarios y empleados de El Pueblo de Puerto Rico, de los Estados Unidos o de cualquier subdivisión política de los mismos, la retribución que como tales reciban) de cualquier clase y cualquiera que sea la forma en que se pagare, o de profesiones, oficios, industrias, negocios, comercio, o ventas, u operaciones en propiedad,. bien sea mueble o inmueble, derivado de la posesión, uso o interés en tal propiedad; también de intereses, rentas, dividendos, beneficios de sociedades, valores o de la operación de cualquier negocio explotado con fines de provecho o utilidad, o de ganancias, utilidades e ingresos derivados de cualquier procedencia. . . . ."

Bajo las disposiciones de la sección arriba transcrita, las rentas provenientes del usufructo legal constituyen ingreso tributable de la sociedad conyugal. *Usufructo*, de acuerdo con el artículo 396, Código Civil, ed. 1930, es "el derecho de disfrutar de una cosa cuya propiedad es ajena, percibiendo todos los productos, utilidades y ventajas que aquélla produzca, con la obligación de conservar su forma y sustancia, a no ser que el título de su constitución o la ley autoricen otra cosa." Ya hemos visto que el Código Civil, artículo 1303, reputa ganancial el usufructo que tiene el cónyuge en los bienes de sus hijos, aunque éstos sean de otro matrimonio. Las rentas que provienen de los bienes de tales hijos no pertenecen a éstos como sostiene el peticionario. Pertenecen a la sociedad de gananciales por disposición de ley y en tal situación, al igual que ocurriría con las rentas producidas por cualesquiera otros bienes privativos que hubiere podido aportar al matrimonio la esposa del peticionario, deben ser incluídas en la declaración de ingresos que el peticionario y su esposa vienen

obligados, conforme al artículo 24 (*b*) de la ley, a rendir en una sola declaración conjunta.

El peticionario sostiene que al rendir los menores Ana Adelaida y Carlos Juan Bianchi Foote declaraciones de ingresos separadas para los años 1941 y 1943 cumplieron con las disposiciones de la ley relativas a la obligación de hacer una declaración de ingresos en las circunstancias establecidas por la sección 24 de la Ley de Contribuciones sobre Ingresos, y que al así actuar se ampararon además en el artículo 225 (⁴) del Reglamento núm. 1 del Tesorero sobre dicha materia.

Las disposiciones del artículo del reglamento que invoca el peticionario, sin embargo, no tienen el alcance que le atribuye ni le amparan en su contención. Aparte del carácter ganancial que, según el Código Civil, tienen los ingresos que nos ocupan—como consecuencia de lo cual venía obligado el peticionario a incluir las rentas a que nos hemos referido en sus declaraciones sobre ingresos—el propio reglamento establece la presunción, que aquí no ha sido destruída, del derecho de la madre a tales rentas.

En virtud de lo expuesto, resolvemos que el Tesorero actuó correctamente al incluir en las planillas rendidas por el peticionario para los años 1941 y 1943 las rentas provenientes de los bienes inmuebles propiedad de los menores hijos de su esposa luego de consolidar las planillas rendidas por éstos sepa-

---

(⁴) Dicho artículo, redactado en inglés, provee:

"Article 225.—Return on Income of Minor.—An individual under the statutory age of majority is required to render a return of income if he has a net income of his own of $1,000 or over, or a gross income of $5,000 or over, for the taxable year. If he is married, see article 223. If a minor has been emancipated by his parent, his earnings are his own income, and such earnings, regardless of amount, are not required to be included in the return of the parent. If the aggregate of the net income of a minor from any property which he possesses and from any fund held in trust for him by a trustee or guardian, and from his earnings in case he has been emancipated, is at least $1,000, or his gross income is at least $5,000, a return as in the case of any other individual must be made by him or by his guardian, or some other person charged with the care of his person or property for him. See article 231. In the absence of proof to the contrary, a parent will be assumed to have the legal right to the earnings of the minor and must include them in his return."

radamente para dichos años con las del peticionario y su esposa (⁵) y que, en consecuencia, no cometió error el Tribunal de Contribuciones al declarar sin lugar la querella.

*La sentencia recurrida será confirmada.*

El Juez Presidente Señor Todd, Jr., no intervino.

### RESOLUCION
#### EN MOCION DE RECONSIDERACION
##### SEPTIEMBRE 29, 1952

A la anterior moción de reconsideración, no ha lugar. Sin embargo, habiendo el promovente llamado nuestra atención hacia el hecho de que en *Blanco* v. *Tribl. de Contribuciones,* 72 D.P.R. 855, 863, nos expresamos al efecto de que: "Al recaer la contribución de herencia en este caso sobre las hijas menores de edad sólo ellas podían deducirla de sus ingresos," lo que a su juicio está en pugna con lo resuelto en este caso con fecha 12 de este mes, no ajustándose lo así expresado a nuestro verdadero criterio sobre el particular, rechazamos ahora ese *dictum* por incorrecto.

El Juez Presidente Señor Todd, Jr., no intervino.

---

(⁵) El Tesorero concedió al peticionario, al incluir entre sus ingresos los provenientes de las rentas por concepto del usufructo de su esposa, un crédito por $400 por cada uno de los menores, considerándolos obviamente, de acuerdo con la ley, como dependientes del peticionario.