Sol Luis Descartes, Tesorero de Puerto Rico, peticionario, *v.* Tribunal de Contribuciones de Puerto Rico, demandado; Sucn. Tristán L. Luchetti Acosta, interventora.

Número 292.
*Sometido:* 21 de febrero de 1956. *Resuelto:* 23 de abril de 1956.

136

*Hon. Procurador General Interino J. B. Fernández Badillo* y *Arnaldo P. Cabrera, Procurador General Auxiliar,* abogados del peticionario; *James R. Beverley, R. Castro Fernández* y *Francisco Castro Amy,* abogados de la interventora, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SALDAÑA emitió la opinión del Tribunal.

La cuestión planteada se reduce, en síntesis, a resolver lo siguiente: si una sucesión paga el importe total de las contribuciones de herencia impuestas a los miembros de la misma en virtud de la Ley núm. 99 de agosto 29 de 1925 (13 L.P.R.A. sec. 881 y sigtes.), con rentas provenientes de los bienes relictos que hubo durante el período de la administración o liquidación de dichos bienes, ¿tiene derecho la sucesión a deducir de su ingreso bruto en el año contributivo correspondiente el referido pago? La sentencia que dictó el tribunal a quo resolvió dicha cuestión en la afirmativa. El

fundamento fué que dicho pago es deducible del ingreso bruto de la sucesión como "contribuciones pagadas o vencidas" bajo la sec. 16 (a) (3) de la Ley de Contribuciones sobre Ingresos de 1924, según enmendada, que es la ley aplicable. 13 L.P.R.A. sec. 631 y sigte. El apelante sostiene que ese fallo es erróneo porque la contribución de herencia no se impone a la sucesión y sí a cada heredero por el privilegio de recibir los bienes. Cf. *Blanco* v. *Tribl. de Contribuciones*, 72 D.P.R. 855, 860–861 (1951) y *Hernández* v. *Tribl. de Contribuciones*, 73 D.P.R. 710, 720 (1952).

Ante todo, es preciso señalar los hechos esenciales que constan en autos. Tristán L. Luchetti falleció en Córcega el 12 de mayo de 1944, y era condueño, en un tercio, de la Hacienda Monserrate que radica en Yauco, Puerto Rico. Los únicos herederos (la viuda y tres hijos) se encontraban en Europa desde antes de mayo de 1944 y nombraron como apoderado a Fernando Luchetti, hermano del causante y también arrendatario para esa fecha de la Hacienda Monserrate. El apoderado depositaba todas las rentas que pertenecían a los herederos en una cuenta bancaria a nombre de la Sucesión de Tristán L. Luchetti. El 15 de abril de 1947 los bienes relictos todavía permanecían en estado de indivisión y el condominio en la Hacienda Monserrate a nombre de Tristán Luchetti. En esa misma fecha, girando contra la cuenta bancaria de la sucesión, el apoderado pagó las contribuciones de herencia que el Tesorero había notificado a cada uno de los miembros de la sucesión, por un importe total de $2,702.10. La sucesión siempre rindió planillas por los ingresos habidos durante todo el período de la administración o liquidación. Específicamente rindió una planilla y pagó contribución de ingresos para el año contributivo que comenzó el 1 de julio de 1946 y terminó el 30 de junio de 1947. En este último año no dedujo de su ingreso bruto el pago que hizo el 15 de abril de 1947 por concepto de las contribuciones de herencia impuestas a los miembros de la sucesión. Oportunamente se

solicitó un reintegro por la suma de $757.63 que, de ser deducible el importe pagado por contribuciones de herencia, constituiría el exceso pagado en la contribución de ingresos de la sucesión para el año 1946–1947. El Tesorero lo denegó. No conforme, la sucesión acudió al Tribunal de Contribuciones y éste dictó sentencia ordenando el reintegro.

Las partidas de ingresos y de deducciones que la ley aplicable establece para computar el ingreso neto tributable de una sucesión en cualquier año contributivo, durante el período de administración o de liquidación de los bienes relictos, son las mismas que existen para computar el ingreso neto de los individuos, salvo las "excepciones" o deducciones adicionales que en la sec. 20 (b) quedan consignadas. Véanse 13 L.P.R.A. sec. 699 y 13 L.P.R.A. secs. 693 a 696. (1) De ahí surge la contención de que las contribuciones de herencia pagadas por la sucesión son deducibles bajo la sec. 16 (a) (3) de la Ley que dispone en relación con el ingreso neto de los individuos: "Al computar el ingreso neto se admitirán como deducciones: . . . las contribuciones pagadas o vencidas dentro del año contributivo . . .".

Es obvio, sin embargo, que sólo la persona a quien se le impone una contribución puede reclamarla como deducción bajo la referida sec. 16 (a) (3). *Magruder* v. *Supplee*, 316 U.S. 394 (1942) ; 5 Mertens, *The Law of Federal Income Taxation*, sec. 27.02 ; Paul, *Selected Studies in Federal Taxation*, Segunda Serie, pág. 24. Y, en Puerto Rico, de acuerdo con la Ley núm. 99 de agosto 29 de 1925, según enmendada, la contribución de herencia siempre se ha impuesto sobre los herederos. Recae sobre cada uno de éstos por separado, gravando así el derecho o privilegio que tienen de recibir los bienes del causante, y no se impone nunca a la sucesión. Así lo establece la Ley de Contribuciones sobre Herencias y Donaciones en vigor hoy día e idéntica regla existía tanto a la

(1) Cf. las secs. 21 a 25 y 162 de la Ley de Contribuciones sobre Ingresos de 1954 ((1) pág. 475 y sigtes.). Además, 6 Mertens, *The Law of Federal Income Taxation*, secs. 36.01–36.06 y 36.22 y sigtes.

fecha en que falleció Tristán L. Luchetti como a la fecha en que se pagaron las contribuciones de herencia en el caso de autos. El 12 de mayo de 1944 (fecha del fallecimiento del causante) la contribución "sobre trasmisión de bienes por herencia" se imponía "sobre cada manda, legado, donación o herencia...".(²) Además, el tipo de la contribución dependía, en primer lugar, del grado de parentesco de cada heredero con el causante, y, en segundo lugar, del montante de lo que cada heredero recibiría según una escala ascendente fijada en la ley. Por supuesto, la ley vigente desde 1946 (13 L.P.R.A. sec. 881 y sigtes.) acentúa todavía más el concepto de que la imposición de la contribución de herencia recae únicamente sobre el heredero o donatario. Así por ejemplo, el cómputo de la contribución depende de las "donaciones acumuladas", es decir, del montante de las donaciones tributables recibidas de una persona por determinado donatario, y además, la forma en que se conceden las "exenciones" y los "créditos" sólo puede armonizarse con la teoría de que la imposición de la contribución recae separadamente sobre cada uno de los herederos o donatarios.

Sería inconsistente con los principios más elementales de nuestro derecho fiscal sostener que si el heredero paga la contribución de herencia de su propio peculio (aparte de lo que le pertenece en la herencia) entonces él puede deducir dicha contribución de su ingreso bruto, mientras que si el albacea o administrador la paga con parte de los bienes relictos o con el producto de éstos, entonces es la sucesión quien puede deducirla. Bajo las secs. 16(a) (3) y 32(a) (3) ningún contribuyente puede deducir de su ingreso bruto contribuciones pagadas o vencidas excepto aquellas que la ley le impone y, a los fines de determinar quién tiene derecho a

---

(²) Art. 2 de la Ley núm. 99 de agosto 29 de 1925 (pág. 791), según enmendado por las Leyes núm. 34 de julio 22, 1935 (pág. 421) y núm. 72 de mayo 12, 1936 (pág. 371). Se admite que como regla general, la ley en vigor a la fecha del fallecimiento del causante es la que debe aplicarse a los fines de las contribuciones de herencia. *Tesorero* v. *Tribl. Contribuciones*, 70 D.P.R. 565 (1949).

deducir la contribución de herencia que existe en Puerto Rico, obviamente no tiene ninguna importancia el origen del dinero que se usa para pagarla ni el estado de indivisión de los bienes relictos a la fecha del pago. A ese respecto, tampoco puede atribuirse significación jurídica a la responsabilidad subsidiaria de los albaceas u otras personas que administran los bienes, ni al gravamen preferente que existe sobre los mismos hasta que las contribuciones de herencia hayan sido satisfechas totalmente. Estas últimas disposiciones legales, igual que las prohibiciones relativas a la división de los bienes y a la inscripción de los mismos en el Registro de la Propiedad, sólo constituyen medidas para asegurar el pago de las contribuciones. Como resolvimos en *Kessler* v. *Domenech*, 49 D.P.R. 196, 213 (1935) : "Es cierto que la ley se refiere a los administradores, albaceas, fideicomisarios u otras personas que administren los bienes sujetos al pago de la contribución, porque son ellos generalmente los encargados de liquidar el caudal de la herencia para trasmitirlo limpio a los herederos, pero es sobre éstos sobre los que recae siempre el pago de la contribución, bien se satisfaga el impuesto por los administradores, ya directamente por los herederos." ( ³ )

■■ Sin embargo, aunque la sucesión no puede deducir el pago de las contribuciones de herencia bajo la

---

( ³ ) Véase el art. 9 de la Ley núm. 99 de agosto 29 de 1925, según enmendada, 13 L.P.R.A. sec. 898, y los arts. 386 y 387 del Código Político. Cf. *Collazo* v. *Hill*, 25 D.P.R. 227 (1917). Conviene señalar que la ley federal permitía la deducción de las contribuciones de herencia o de sucesión. Naturalmente, en cuanto al "estate tax" federal sólo podía deducirlo la sucesión. Hubo duda en torno a quién podía deducir las contribuciones de herencia de los estados (llamadas indistintamente "inheritance taxes" o "estate taxes"). Se adoptó la norma en principio correcta de que si dicha contribución estatal recaía sobre el derecho de recibir los bienes del causante, le correspondía deducirla a los herederos ("beneficiaries"), pero si recaía sobre el derecho del causante a trasmitir los bienes, le correspondía deducirla a la sucesión ("estate"). Pero surgieron infinitas complejidades porque era menester examinar la ley y la jurisprudencia de cada estado que a menudo carecían de precisión. Por eso en 1928 se enmendó la ley federal para limitar la deducción a la sucesión ("estate") en todos los casos. Y más adelante, en 1934, se eliminó totalmente la deducción por

sec. 16 (*a*) (3), no podemos olvidar que la ley concede como *deducción adicional* a la sucesión en este caso, para computar su ingreso neto: "...*el montante del ingreso de dicha sucesión...que sea debidamente pagado o abonado durante el año contributivo a cualquier legatario, heredero o beneficiario, pero la cantidad así admitida como deducción deberá ser incluída en el ingreso neto del legatario, heredero o beneficiario.*" (Sec. 20 (*b*) (3) ; 13 L.P.R.A. sec. 699 (*b*) (3) ). Los ingresos recibidos por la Sucesión Luchetti, durante el período de la administración o liquidación de los bienes relictos, podían conforme a la ley acumularse o "debidamente abonarse" a los herederos durante el año contributivo correspondiente. En el caso de autos, el pago que hizo el administrador al Tesorero por el importe total de las contribuciones de herencia (impuestas a cada uno de los herederos por separado), con parte de los ingresos recibidos por la sucesión en el año contributivo 1946–1947, necesariamente equivale a un abono o crédito a cada heredero por el montante de su contribución de herencia. Aun más, el pago que hizo la sucesión al Tesorero puede considerarse en ley como un pago indirecto que hizo el administrador de la herencia a cada uno de los herederos y en ese caso los ingresos en cuestión fueron "debidamente pagados" a éstos. No importa si en los libros de la sucesión se hizo la entrada de contabilidad correspondiente

concepto de contribuciones de herencia o sucesión para computar la contribución sobre ingresos federal. Véase 3 Paul y Mertens, *The Law of Federal Income Taxation,* secs. 25.50 a 25.55. Cf. *Keith* v. *Johnson,* 271 U.S. 1 (1926) ; *United States* v. *Mitchell,* 271 U.S. 9 (1926) ; *Van Dyke* v. *Wilkinson,* 25 F.2d 763 (1928). Así se explica el por qué del art. 115 del Reglamento núm. 1 que en 1925 se adoptó para instrumentar la Ley de Contribuciones sobre Ingresos de 1924. Dicho artículo fué copiado literalmente del artículo correspondiente del reglamento federal a la sazón en vigor, sin tener en cuenta las diferencias entre la Ley de Contribuciones Sobre Herencias de Puerto Rico y la Ley Federal de Contribuciones Sobre Sucesiones. En tanto dicho art. 115 dispone que "Insular estate taxes paid or accrued during the taxable year are an allowable deduction from the gross income of the estate in computing the net income thereof subject to tax", el mismo es nulo por estar en contradicción con la ley. Cf. *Behn* v. *Domenech,* 49 D.P.R. 808 (1936).

o si se omitió hacerla: el resultado contributivo es exactamente el mismo. En consecuencia, es deducible del ingreso bruto de la sucesión en el año contributivo de 1946–1947, bajo las disposiciones de la sec. 20 (*b*) (3), la cantidad de $2,702.10 que se pagó al Tesorero por concepto de las contribuciones de herencia impuestas a la viuda y a los tres hijos de Tristán L. Luchetti. Véanse: Kennedy, *Federal Income Taxation of Trusts and Estates*, secs. 2.02, 2.06–2.07A; 6 Mertens, *The Law of Federal Income Taxation*, secs. 36.41 y 36.56. Cf. *Commissioner* v. *Trustees of J. Wanamaker*, 178 F.2d 10 (C.A. 3, 1949), que confirmó *per curiam* la decisión en 11 T.C. 365; *Bergan* v. *Commissioner*, 80 F.2d 89 (C.A. 2, 1935); *Mary B. Warburton*, 10 T.C. M. 135 (1951), confirmado *per curiam* en 193 F.2d 1008 (C.A. 3, 1952), y *Marion A. Burt Beck*, 15 T.C. 642 (1950), confirmado *per curiam* en 194 F.2d 537 (C.A. 2, 1952).

Hay que aclarar que, como es bien sabido, el propósito de las disposiciones de nuestra Ley de Contribuciones sobre Ingresos respecto a las sucesiones, consiste en evitar que cualquier parte de los ingresos recibidos durante el período de administración o de liquidación de los bienes relictos pueda escapar a la tributación. Por esto la ley exige en general que o bien el administrador o bien los herederos paguen la contribución de ingresos; pero durante el período de administración o de liquidación la ley no impone "doble tributación" como sucede en el caso de las sociedades y de las corporaciones. Lo que acabamos de explicar es la base de las "excepciones" o deducciones adicionales que la ley provee para las sucesiones en la sec. 20 (*b*). Desde luego, la deducción de una partida del ingreso bruto de la sucesión bajo la sec. 20 (*b*) (3) produce resultados distintos a los que produciría la deducción de esa misma partida bajo la sec. 16 (*a*) (3) de la ley: en el primer caso la partida deducida "...deberá ser

incluída en el ingreso neto del...heredero",(¹) mientras que en el segundo éste no tiene que declararla en su planilla.

■ Por lo expuesto, toda vez que.el recurso de revisión se interpone contra el fallo del tribunal a quo, y no contra los razonamientos que le sirven de base, *procede confirmar la sentencia recurrida.*

---

Opinión concurrente del Juez Asociado Sr. Negrón Fernández en la cual concurren los Jueces Asociados Sres. Marrero y Pérez Pimentel.

La cuestión a resolver en este recurso es precisamente la que dejamos pendiente de consideración en el caso de *Blanco v. Tribl. de Contribuciones*, 72 D.P.R. 855,(¹) 860: Si una sucesión, como tal, tiene derecho a deducir de los ingresos habidos durante el período de la administración o liquidación de los bienes relictos al fallecimiento del causante, el pago hecho por concepto de la contribución de herencia impuesta a los herederos.

Establecido en este caso el hecho de que la contribución sobre herencia fué pagada por la Sucn. Tristán L. Luchetti Acosta de los fondos que por concepto de rentas de los bienes relictos tuvo dicha Sucesión durante el período de su administración y liquidación, así como el hecho de que la planilla de contribución sobre ingresos correspondiente a su año contributivo fué rendida por la Sucesión sobre los ingresos reci-

---

(¹) El texto inglés de la sec. 20(*b*)(3) dice: "...shall be included *in computing the net income* of the legatee, heir or beneficiary". 13 L.P.R.A. § 699. Compárese la frase que se usa en la sec. 20(*b*)(2): ". . . deberá ser incluída *al computarse el ingreso neto* de los beneficiarios..." para traducir el equivalente en inglés "...shall be included *in computing the net income* of the beneficiaries . . ." 13 L.P.R.A. § 699. Véase Kennedy, op. cit. supra, sec. 2.02, las disposiciones correspondientes de la Ley Federal de Contribuciones Sobre Ingresos y las secs. 162(*a*) (2) (*b*) y (*c*) de nuestra Ley de Contribuciones Sobre Ingresos de 1954 ((1) pág. 475 y sigtes.).

(¹) En *Hernández* v. *Tribl. Contribuciones*, 73 D.P.R. 710, 720 (en reconsideración) rechazamos el siguiente *dictum* contenido en el caso de Blanco, citado en el texto: "Al recaer la contribución de herencia en este caso sobre las hijas menores de edad sólo ellas podían deducirla de sus ingresos".

bidos en dicho año, convenimos con la peticionaria y con el tribunal a quo en que aquella tenía derecho a deducir, de su ingreso bruto para el año contributivo 1946–47, la contribución que sobre la herencia indivisa del causante pagó al Tesoro Público.

Las sucesiones, en virtud de la sec. 20 (a) (3) de la Ley de Contribuciones sobre Ingresos de 1924, según enmendada —que es la ley aplicable—vienen obligadas a declarar los ingresos recibidos durante el período de la administración o liquidación de los bienes de las personas fallecidas, debiendo computarse su ingreso neto, conforme a la sec. 20 (b), "de la misma manera y sobre la misma base dispuesta en la sección 14", con algunas excepciones aquí no pertinentes. Una sucesión, es por lo tanto, para los efectos de dicha ley, un "contribuyente", término éste que según la sec. 2 (a) (9), significa "cualquier persona sujeta a contribución impuesta por esta Ley". El término "persona" según la sec. 2 (a) (1), significa "un individuo, un fideicomiso o *sucesión*, una sociedad civil o mercantil, industrial o agrícola o una corporación". (Bastardilla nuestra.)

La sucesión, como persona jurídica, no existe en nuestro derecho civil, *Sucn. Belaval* v. *Acosta*, 64 D.P.R. 109, pero sí existe como "persona" en nuestro derecho contributivo. La personalidad contributiva que le da la ley, dimana precisamente del estado indiviso de la herencia durante su administración y liquidación. Esta es una realidad del derecho civil que la ley contributiva afronta para hacer tributar, fuera de las manos de los herederos, los ingresos que pertenecen a éstos desde la muerte del causante, pero de los que aún no pueden disponer.

Reconocida por la propia ley la personalidad de una sucesión como sujeto del derecho contributivo, y dispuesto, como hemos visto por la sec. 20 (b) que su ingreso neto, a los fines de dicha ley, será computado de la misma manera y sobre la misma base dispuesta en la sec. 14 para computar el ingreso neto de individuos, o sea, "el ingreso bruto según se define

en la sección 15, menos las deducciones admitidas por las secciones 16 y 9", forzoso es concluir que tiene derecho a deducir, de su ingreso bruto, la contribución de herencia pagada dentro del año contributivo, pues ésta es una *contribución* y la misma no está excluída de entre las deducciones admitidas por la sec. 16(*a*)(3) de la ley(²) a los *individuos,* y por ende, a las *sucesiones.* *State ex rel Davis* v. *State Bd. of Equalization* (Mont. 1937) 64 P.2d 1057, 108 A.L.R. 1397, 1401.

Si bien la contribución de herencia recae sobre los herederos(³)—art. 2, Ley 99 de 29 de agosto de 1925, según enmendada, también aplicable a este caso—aunque los administradores, albaceas, fideicomisarios u otras personas que administren los bienes sujetos al pago de dicha contribución son responsables por dichas contribuciones—artículo 9—es lo cierto que en la esfera en que se desenvuelve la obligación de estos últimos en cuanto a su responsabilidad legal de hacer el pago, y las consecuencias que la propia ley establece en cuanto a la recepción y disfrute de los bienes, por los herederos, el pago de la contribución de herencia hecho de los fondos indivisos de la Sucesión—rentas producidas por los bienes relictos—aun cuando se entienda con relación a una obligación impuesta por ley directamente a los herederos, no deja de constituir también el descargue de una obligación legal del administrador, y una vez hecho por éste, debe beneficiar a la Sucesión, como entidad contributiva que viene obli-

(²) De acuerdo con dicha sección se admiten como deducciones "las contribuciones pagadas o vencidas dentro del año contributivo, a excepción de (*a*) contribuciones sobre ingresos y sobre beneficios excesivos impuestos por la autoridad de El Pueblo de Puerto Rico, (*b*)...(*c*)...(*d*)... A los fines de este párrafo, las contribuciones sobre herencias, legados o sucesiones son pagaderas en la fecha de su vencimiento salvo lo dispuesto de otro modo por la ley del país que imponga dichas contribuciones".

(³) Interpretando la Ley Federal de Ingresos de 1924, de la cual se deriva la nuestra de 1924, el Negociado Federal de Contribuciones sobre Ingresos frecuentemente denegaba la admisibilidad de deducciones a las Sucesiones por pagos hechos en concepto de contribución de herencia de acuerdo con leyes estatales, bajo la teoría de que tal contribución se imponía *a los herederos, legatarios* o *beneficiarios* y era por éstos deducible. Las decisiones de *Keith* v. *Johnson,* 271 U.S. 1, 70 L.Ed. 795 y *United States* v. *Mitchell,* 271 U.S. 9, 70 L.Ed. 799, establecieron una regla en contrario, 5 Mertens *op. cit.* sec. 27.45, pág. 56.

gada a declarar los ingresos pertenecientes a los herederos, recibidos por ella durante dicho período.

La sec. 16 (a) (3) autoriza la deducción de las contribuciones pagadas o vencidas dentro del año contributivo, sin condición alguna. Aunque la regla general es que dichas contribuciones deben constituir una responsabilidad del contribuyente que las paga, y que cuando se asume *voluntariamente* el pago de una contribución que constituye una responsabilidad contributiva de otra persona, dicho pago no da origen a deducción alguna, 5 Mertens, *Law of Federal Income Taxation,* sec. 27.02, pág. 6 y 7, es parte de esa regla también que la responsabilidad personal no siempre es un requisito para conceder la deducción por dicho pago. 5 Mertens, ob. y sec. cit., pág. 8, n. 26. Aquí, la responsabilidad contributiva (contribución de herencia) se impone a una persona (heredero) y la propia ley, en la alternativa, permite—más bien exige—su pago por otra (sucesión), con quien la primera tiene un vínculo jurídico en virtud del cual es que adquiere la última su personalidad contributiva. Este es un caso típico para aplicar la regla en su expresión de que la ausencia del requisito de la responsabilidad personal no impide la deducción por la que hace el pago.

El criterio que debe regir en cuanto al derecho de una sucesión a deducir, del ingreso bruto declarado en su planilla de ingresos, la contribución de herencia satisfecha, no es el de que la contribución no se le *impone* a ella y sí a los herederos, sino el nexo jurídico inherente que existe entre la entidad contributiva *sucesión* y los herederos que la constituyen, con relación al estado de comunidad transitoria en que el pago forzoso de la contribución de herencia se verifica, y el idéntico estado de comunidad en que la deducción se reclama al cumplir la sucesión, como entidad contributiva, su obligación legal de pagar contribución sobre los ingresos de sus constituyentes durante el período de administración y liquidación de la herencia.

Por los fundamentos expuestos, concurro en el resultado.